UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KATE ROBECK,                              No. 1:14-CV-03148-JTR

        Plaintiff,                    ORDER GRANTING PLAINTIFF'S
                                      MOTION FOR SUMMARY
        v.                            JUDGMENT

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

**BEFORE THE COURT** are cross-Motions for Summary Judgment.  ECF No. 15, 21.  Attorney D. James Tree represents Kate Robeck (Plaintiff); Special Assistant United States Attorney Franco L. Becia represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 9.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on January 10, 2010,[1] alleging disability since November 1, 2008, due to bipolar II with mania, depression, and post-traumatic

---

[1]The Disability Report from the Field Office notes a protective filing date of January 10, 2010.  Tr. 262; *See* POMS GN 204.010.

stress disorder (PTSD).  Tr. 231-236, 265.   The applications were denied initially and upon reconsideration.  Tr. 140-143, 145-152, 159-180.  Administrative Law Judge (ALJ) Virginia M. Robinson held a hearing on January 14, 2013, at which Plaintiff, represented by counsel, and vocational expert, Trevor Duncan, testified. Tr. 42-83.  The ALJ issued an unfavorable decision on February 1, 2013.  Tr. 25-35.  The Appeals Council denied review on August 8, 2014.  Tr. 1-6.  The ALJ's February 1, 2013, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on October 8, 2014.  ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was twenty-seven years old at the alleged date of onset.  Tr. 231. Plaintiff completed the twelfth grade in 1999.  Tr. 267.  She has past work as a cashier, busser, cocktail server, customer service representative, special events coordinator, admissions representative, and auto paint repair specialist.  Tr. 267, 292.  Plaintiff reported she stopped working on November 1, 2008, because of her condition.  Tr. 266.

On November 3, 2010, Plaintiff was evaluated by Paul Emmans, D.O.  Tr. 542-543.  He opined that Plaintiff was limited to one to ten hours a week of work activity and that this limitation was permanent.  *Id*.  On August 31, 2011, Dr. Emmans provided a second opinion that Plaintiff was limited to one to ten hours a week of work activity and that this limitation would persist for twelve to twenty-four months.  Tr. 539-540.  On September 17, 2012, Dr. Emmans provided a third opinion that Plaintiff was limited to one to ten hours a week of work stating that if Plaintiff were able to have a consistent supply of medication then she does ok, but without medication she quickly decompensates.  Tr. 537.  Dr. Emmans

1   characterized Plaintiff's limitation as permanent.  Tr. 538.

2       On July 18, 2011, Jenifer Schultz, Ph.D., completed an Adult Memory

3   Assessment.  Tr. 501-508.  Dr. Schultz interview the Plaintiff, reviewed records

4   from Gabriela Mondragon, MSW, Dr. Emmans, and Kirk Stroshal, Ph.D.,

5   completed a mental status examination, a Wechsler Memory Scale-III test, and the

6   Trails A and B test.  Tr. 501-502.  Dr. Schultz then opined that Plaintiff's "ability

7   to understand and reason is poor currently.  Her memory is extremely low except

8   for working memory, which is average.  Her social interaction is limited to fellow

9   church members, but she receives support from them.  Ms. Robeck's ability to

10  tolerate or adapt to stress is poor."  Tr. 507.

11      On September 21, 2011, Beth Fitterer, Ph.D., reviewed the record and

12  opined that Plaintiff was capable of simple routine tasks, capable of adequate

13  concentration, persistence, and pace, should avoid the demands of the general

14  public, and was able to respond to routine workplace changes with a prolonged

15  period of adjustment.  Tr. 132-135.

16                          **STANDARD OF REVIEW**

17      The ALJ is responsible for determining credibility, resolving conflicts in

18  medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035,

19  1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law *de novo*,

20  deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d

21  1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is

22  not supported by substantial evidence or if it is based on legal error.  *Tackett v.*

23  *Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as

24  being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put

25  another way, substantial evidence is such relevant evidence as a reasonable mind

26  might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402

27  U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational

28  interpretation, the court may not substitute its judgment for that of the ALJ.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 3

*Tackett*, 180 F.3d at 1097.  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-1099.  This burden is met once a claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004).  If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 1, 2013, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2008, the alleged date of onset.  Tr. 27.

At step two, the ALJ determined Plaintiff had the following severe

impairments:  depression, PTSD, and bipolar disorder.  Tr. 28.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  Tr. 29.

At step four, the ALJ assessed Plaintiff's residual function capacity (RFC) and determined she could perform a full range of light work with the following additional limitations:  "This individual is limited to simple tasks with simple work-related decisions.  She can only have occasional and superficial interaction with public."  Tr. 30.  The ALJ concluded that Plaintiff was not able to perform her past relevant work, which included the occupations of cashier II and waitress/cocktail server.  Tr. 34.

At step five, the ALJ considered Plaintiff's age, education, work experience, RFC, and the testimony of the vocational expert.  The ALJ found there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including housekeeper/cleaner, production assembler, and hand packer. Tr. 34-35.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from November 1, 2008, the alleged date of onset, through February 1, 2013, the date of the ALJ's decision.  Tr. 35.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) failing to accord weight to the opinions of treating and examining providers, and (2) failing to properly consider Plaintiff's testimony about the severity of her symptoms.

## DISCUSSION

**A.    Evaluation of Medical Evidence**

Plaintiff argues the ALJ failed to properly consider and weigh the medical

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

opinions of Paul Emmans, D.O., Gabriela Mondragon, MSW, Shane Anderson, Pharm. D., Jenifer Schults, Ph.D., and Beth Fitterer, Ph.D.  ECF No. 15 at 10-21.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  The ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

When a treating physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).  When a treating physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  Likewise, when an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons.  *Lester*, 81 F.2d at 830.  When an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" for rejecting the opinion of the examining physician.  *Id*. at 830-831.

### 1.    Paul Emmans, D.O.

The ALJ gave Dr. Emmans' opinions "limited weight," because (1) he did not mention Plaintiff's history of drug or alcohol abuse, and (2) he agreed that Plaintiff's symptoms were controlled with medication.  Tr. 33.

First, the ALJ's assertion that Dr. Emmans was not aware of Plaintiff's drug use is not supported by substantial evidence.  The report form the November 3,

2010, evaluation by Dr. Emmans specifically addressed Plaintiff's history of drug and alcohol use.  Tr. 422.  Furthermore, it is unclear what relevance a history of drug use would have on Dr. Emmans' opinions.   Plaintiff consistently reported abstaining from drug use since 2004 and there is no evidence showing that Plaintiff was using drugs at the time of Dr. Emmans' opinions.  Tr. 61, 422, 501.  Likewise, Plaintiff reported that she had not drank alcohol since October 2011, and the use prior to that was limited to an occasional drink, but not drinking to intoxication.  Tr. 62.  Thus, the ALJ's reason is not supported by substantial evidence.

The ALJ's second assertion that Plaintiff's symptoms were controlled by medication is not supported by substantial evidence.  On October 22, 2012, Plaintiff told Dr. Anderson that "I feel stable when I am on all my medications at the same time."  Tr. 564.  On November 19, 2012, Plaintiff stated that the addition of Seroquel "was extremely helpful."  Tr. 601.  Based on these statements, the ALJ found that the "longitudinal record reflects that the claimant's mental symptoms could be adequately controlled by medication."  Tr. 32.  A treating physician's statements "must be read in context of the overall diagnostic picture he draws.  That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."  *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).  Considering the nature of Plaintiff's mental health impairments, these two statements made by Plaintiff within a month of each other does not constitute a longitudinal record showing her symptoms were controlled by medication.

Thus, the ALJ failed to provide specific and legitimate reasons supported by substantial evidence to reject Dr. Emmans' opinions.

### 2.    Jennifer Schultz, Ph.D.

The ALJ afforded "less weight" to the opinion of Dr. Schultz because (1)

1  Plaintiff had not accurately represented her functional activities to Dr. Schultz and
2  (2) Dr. Schultz considered the residual effects of Plaintiff's long-term substance
3  use.  Tr. 31.

4        The ALJ's first reason for rejecting Dr. Schultz's opinion, that Plaintiff had
5  not accurately represented her functional activities during the evaluation, is not a
6  specific and legitimate reason.  The ALJ quoted Plaintiff's reports to Dr. Schultz
7  that she relies on help from her children to complete housework and compared it to
8  Plaintiff's reports on a Function Report stating that she could do light
9  housekeeping but did not mention assistance from her children.  Tr. 31.  The ALJ
10  found these statements inconsistent indicating that Dr. Schultz relied upon
11  claimant's inaccurate statements in forming her opinion.  Tr. 31.

12        If a provider's opinions are based "to a large extent" on a claimant's self-
13  reports and not on clinical evidence, and the ALJ finds the applicant not credible,
14  the ALJ may discount the provider's opinion.  *Tommasetti v. Astrue*, 533 F.3d
15  1035, 1041 (9th Cir. 2008); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th
16  Cir. 2005).  However, the ALJ must offer a basis, supported by substantial
17  evidence, for her conclusion that a provider's opinion was based more heavily on a
18  claimant's self-reports.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

19        Here, the decision is silent as to why the ALJ found that Dr. Schultz's
20  opinion was based on Plaintiff's inconsistent comments and not the objective
21  testing performed.  Thus, this reason fails to meet the specific and legitimate
22  standard.

23        The ALJ's second reason for rejecting Dr. Schultz's opinion, that she
24  considered the residual effects of Plaintiff's long-term substance use, is also not a
25  specific and legitimate reason to reject her opinion.  The ALJ fails to illustrate why
26  Dr. Schultz's consideration of the residual effect of Plaintiff's past drug use would
27  cause her opinion to be given less weight.  Tr. 31.  Plaintiff challenges this
28  rationale in her opening brief asserting it does not meet the specific and legitimate

standard and Defendant fails to address this challenge in her briefing.  ECF No. 15 at 18-19; ECF No. 21 at 19-20.  Seeing no challenge, the Court agrees this fails to meet the specific and legitimate standard.

### 3.    Beth Fitterer, Ph.D.

In contrast to the opinions by Dr. Emmans and Dr. Schultz, the ALJ gave "significant weight," to the opinion of Dr. Fitterer.  Tr. 33.  Dr. Fitterer never examined Plaintiff and based her opinion on evidence reviewed in the record as of September 21, 2011.  Tr. 126-135.  The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.  *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ found that Dr. Fitterer's opinion was consistent with the totality of the medical records, including Plaintiff's self-reported activities and the opinions of Dr. Lyzanchuk and Dr. Simon.  Tr. 33.  This conclusion is not supported by substantial evidence.  All of the opinions of examining or treating providers in the record gave Plaintiff much greater limitations: on October 27, 2009, Dr. Lyzanchuk opined that Plaintiff was limited to eleven to twenty hours of work a week and that the limitation would last months, Tr. 548-549; on November 19, 2009, Ms. Mondragon opined that Plaintiff was limited to working eleven to twenty hours a week and that these limitations would last eight to ten months, Tr. 546-547; on March 4, 2010, Dr. Simon limited Plaintiff to working eleven to twenty hours a week adding that he expected the limitation to last three to six months, Tr. 544-545; on November 3, 2010, Dr.  Emmans limited Plaintiff to working one to ten hours a week and that this limitation was permanent, Tr. 542-543; on July 18, 2011, Dr. Schultz opined that Plaintiff's "ability to understand and reason is poor currently.  Her memory is extremely low except for working memory, which is average.  Her social interaction is limited to fellow church

members, but she receives support from them.  Ms. Robeck's ability to tolerate or adapt to stress is poor," Tr. 507; on August 31, 2011, Dr. Emmans opined that Plaintiff was limited to working one to ten hours a week and that this limitation would persist for twelve to twenty-four months, Tr. 539-540; on September 17, 2012, Dr. Emmans opined that Plaintiff was limited to working one to ten hours a week and that this limitation was permanent, Tr. 537-538; and on September 28, 2012, Ms. Mondragon opined that Plaintiff was limited to working one to ten hours a week and that the limitation would last for twelve months.  Tr. 533-535. Therefore, Dr. Fitterer's opinion that Plaintiff is capable of sustaining work activity is not consistent with the record as a whole.

The ALJ found Dr. Fitterer's opinion that Plaintiff was capable of sustaining work activity was consistent with the opinions of Dr. Lyanchuk and Dr. Simon because they did not opine that Plaintiff's limitations would be permanent.  Tr. 33. But, Social Security does not require that limitations be permanent.  *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (an individual shall be considered disabled if she has an impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months).  The Court recognizes that Dr. Lyanchuk and Dr. Simon both opined that Plaintiff's limitations would be short term, but subsequent opinions form Dr. Emmans and Ms. Mondragon supports the conclusion that her limitations persisted beyond the prescribed time.  Therefore, Dr. Fitterer's opinion is not consistent with the opinions of treating or examining providers or the record as a whole and does not constitute substantial evidence to support the rejection of Plaintiff's treating and examining providers.

The ALJ's rejection of Dr. Emmans' and Dr. Schultz's opinions constitutes harmful error and the case must be remanded.  Upon remand, the ALJ will reconsider all opinions of all treating and examining providers, including Dr. Anderson and Ms. Mondragon.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 10

**B.**    **Credibility**

Plaintiff contests the ALJ's adverse credibility determination in this case. ECF No. 15 at 21-24.

It is generally the province of the ALJ to make credibility determinations, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff not fully credible concerning the intensity, persistence, and limiting effects of her symptoms. Tr. 30-31. The ALJ reasoned that Plaintiff was less than fully credible because (1) she had a poor work history, and (2) her self-reported activities indicated that she was capable of "light" exertional work. Tr. 31.

**1.**    **Poor Work History**

The ALJ noted that for twelve years before the alleged date of onset, Plaintiff's earnings never reached substantial gainful activity, except for 2007. Tr. 31. Therefore, the ALJ found Plaintiff's poor earnings years showed that reasons other than medical conditions were preventing work. *Id.* Poor work history can provide a permissible reason to cast doubt on Plaintiff's purported reason for unemployment. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff offers alternative explanations for Plaintiff's limited work history, including a history of mental illness and drug use and alludes to the argument that a lack of motivation is a symptom of Plaintiff's mental illness. ECF No. 15 at 21-22. While these other explanations may be reasonable if supported by substantial evidence, Plaintiff failed to cite any evidence in the record supporting the

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11

conclusion that Plaintiff's limited work history was due to her mental illness manifesting prior to the alleged date of onset or her history of drug use. *Id*. The ALJ's interpretation of Plaintiff's limited work history as a lack of motivation to work is reasonable. *See Tackett*, 180 F.3d at 1097 (if the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ). Therefore, this reason meets the specific, clear and convincing standard.

### 2.    Self-Reported Activities

The ALJ's second reason for finding Plaintiff less than fully credible, that Plaintiff's "domestic activities" supports a conclusion that she is capable of performing "light" work, Tr. 31, is not a specific, clear and convincing reason to find Plaintiff less than fully credible.

A claimant's daily activities may support an adverse credibility finding if (1) the claimant's activities contradict her other testimony, or (2) "the claimant is able to spend a substantial part of [her] day engaged in pursuits involving performance of physical functions that are transferable to a work setting." *Orn*, 495 F.3d at 639 (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). "The ALJ must make 'specific findings relating to [the daily] activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Id.* (quoting *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005)). A claimant need not be "utterly incapacitated" to be eligible for benefits. *Fair*, 885 F.2d at 603.

The ALJ noted that Plaintiff reported caring for her two children by helping them with homework and getting them ready for school, caring for two pets by cleaning the litter box, preparing simple meals daily for up to two hours, doing light housekeeping for hours of time, driving a car, shopping at a store twice a month, having family visit her at home, being able to sit for long periods of time, and helping the volunteers from church revamp her mobile home. Tr. 31. The

ALJ found that these activities supported the conclusion that Plaintiff was capable of a "light" residual functional capacity determination. *Id*.

The ALJ was required to make a determination as to the transferability of these activities to the workplace under *Orn*. The ALJ failed to make such a determination. *Id*. Therefore, this is not a specific, clear and convincing reason to find Plaintiff less than fully credible. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication").

Additionally, the ALJ found that Plaintiff's organized religious activities were inconsistent with Plaintiff's alleged "severe psychological limitations." Tr. 31. This is not a specific, clear and convincing reason to discount credibility, because it does not identify what activities impeach which of Plaintiff's statements. *See Lester*, 81 F.3d at 834 ("the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints").

Defendant alleges that the ALJ provided several additional reasons supporting her adverse credibility determination including that Plaintiff's statements were inconsistent with the record as a whole, that Plaintiff made inconsistent statements throughout the record, and Plaintiff was non-compliant with treatment. ECF No. 21 at 9-15. These reasons are not clearly addressed as part of the credibility determination made by the ALJ, but are dispersed throughout the discussion of the opinion evidence. Tr. 31-32. Considering the ALJ's lack of clarity and that the case is being remanded on other issues, the ALJ is instructed to readdress credibility on remand.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate

where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990). *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to weight the opinions of treating and examining medical providers and determine Plaintiff's credibility regarding her symptom reporting. In addition, the ALJ will also need to supplement the record, reconsider the medical evidence and take testimony from a medical expert and a vocational exert at a new hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.      Application for attorney fees may be filed by separate motion.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14

1  The District Court Executive is directed to file this Order and provide a copy
2  to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff**
3  and the file shall be **CLOSED**.
4  DATED March 7, 2016.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 15